UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| SHARON JUSTICE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 08-195-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MOTORIST MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Sharon Justice filed suit in Pike Circuit Court for claims arising out of a car accident. R. 10 at 2. Defendant filed a Notice of Removal in this Court on October 1, 2008. *See* R. 1. Plaintiff filed a Motion to Remand, R. 8 & 10, to which the Defendant responded, R. 13. The Plaintiff claims this Court lacks jurisdiction and that the Defendant failed to file its Notice of Removal within the time allotted by 28 U.S.C. § 1446(b).

### Background

This case arises out of a car accident between Plaintiff Sharon Justice and Veronica Bishop on August 11, 2005. R. 10 at 1. Motorist Mutual Insurance Company ("the Insurance Company") insured Bishop and paid Justice's property damage claims in September of 2006. *Id.*

On October 25, 2006, Plaintiffs (Justice on behalf of herself and her minor grandson who was in the car) filed a suit in Pike Circuit Court against Bishop for personal injury

claims and against the Insurance Company for bad faith. *Id.* at 2. On November 14, 2006, the Insurance Company filed a motion to bifurcate the claims and to stay discovery in the "bad faith" action, which was granted on December 5, 2006. *Id.* All claims against Bishop settled on September 23, 2008, and the Pike Circuit Court lifted the stay. *Id.* Defendant then filed its Notice of Removal to this Court on October 1, 2008. R. 1.

## ANALYSIS

The Defendant claims that the Court has subject matter jurisdiction over the claims because Plaintiff originally alleged that the Insurance Company may have "violated state and federal consumer protection statutes." R. 13 at 1. At the outset, it is unlikely that this allegation alone creates federal question jurisdiction in this court. *See generally Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007) (en banc). The Court need not decide whether a federal question exists, however, because it concludes that the Notice of Removal was untimely filed, and thus, the case must be remanded.

Defendants must file a notice of removal within thirty days of receiving a pleading that indicates the case is removable. 28 U.S.C. § 1446(b). A claim based on federal question jurisdiction is immediately removable. *See* 28 U.S.C. § 1441. According to the defendant's own allegations, this case was removable at the outset on October 25, 2006. The defendant claims, however, that as a result of the Pike Circuit Court's stay the case did not become removable until the stay was lifted on September 23, 2008. R. 13 at 3. For this proposition, the defendant cites no authority.

First, the plain language of the statute does not create an exception for actions that are

stayed or otherwise delayed. Moreover, in this case, the stay itself was the result of the Defendant's own actions. *See Sunbeam Corp. v. Brazin*, 138 F. Supp. 723, 725 (E.D. Ky. 1956) *(*"The weight of authority on the point seems to be to the effect that the [period prescribed by § 1446(b)] may not be varied by voluntary action nor excusable neglect on the part of counsel, nor enlarged by the Court in the exercise of discretion."); *see also Value Recovery Group, Inc. v. Hourani*, 115 F. Supp. 2d 761, 765 (S.D. Tex. 2000) ("As a general rule, the time to remove may not be extended by an order of the state court extending related deadlines under state law."). Finally, the Defendant could have removed the case before moving for the stay, and nonetheless the stay itself did not prohibit the Defendant from removing the case. Indeed, a state court's stay "order operates only to stay 'proceedings' in the state trial court action; it does not enjoin or prohibit *the parties* to the action from filing papers elsewhere." *Value Recovery Group,* 115 F. Supp. 2d at 765. And, even though the removing defendant "may have been precluded from taking action in the state trial court case, the state court's stay order did not bar defendant[] from removing the case to this court." *Id.* Accordingly, the Pike Circuit stay alone has no impact on the deadline for removal to this Court, and consequently the Defendant's notice of removal was not timely filed.

## Conclusion

Accordingly, it is **ORDERED** as follows:

(1) Plaintiffs' Motion to Remand, R. 8, is **GRANTED**, and this matter is **REMANDED** to the Pike Circuit Court.

(2) The hearing on this Motion, R. 8, previously scheduled for November 13,

2008, is **CANCELLED**.

(3)  Any other pending motions in this matter are hereby **DENIED WITHOUT PREJUDICE** as moot.

This the 6th day of November, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge